UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 05, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:  JP Morgan Chase & Co. Fair Labor Standards Act (FLSA) Litigation | MDL Docket No.: 2174 |

## *DAVIS* PLAINTIFFS' RESPONSE TO *PICKLE* PLAINTIFFS' POST-HEARING REPORT

J. Nelson Thomas
**THOMAS & SOLOMON LLP**
 *Attorneys for Davis Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

Plaintiffs in the action *Davis et al. v. JP Morgan Chase & Co., et al.*, No. 01-CV-6492 (W.D.N.Y.) ("*Davis*"), respectfully submit this response to the post-hearing report submitted by plaintiffs Gayla Pickle and Carol Hughes, named plaintiffs in the action *Pickle v. JPMorgan Chase Bank*, 10-cv-2791 (S.D.N.Y.) ("*Pickle*").

As noted during last week's hearing, a settlement has been reached in the *Davis* action. This settlement provides further support for a transfer of all actions to the Western District of New York.

This Panel historically has transferred cases to the forum where mediation is underway or where a settlement has been reached. *See In re Terminix Employment Practices Litig.*, 466 F.Supp.2d 1354, 1355 (J.P.M.L. 2006) (transferee forum based on location where mediation was underway and action was at a more advanced stage); *In re Medco Health Solutions, Inc.*, 254 F.Supp.2d 1364, 1365 (J.P.M.L. 2003) (transferee forum based in part on fact that judge was in the process of reviewing a proposed comprehensive settlement of claims in the litigation); *In re Richardson-Merrell, Inc.*, 588 F.Supp. 1448 (J.P.M.L. 1984) (transfer would be granted where transferee judge entered order certifying class in the litigation for settlement purposes, indicated probability that the entire litigation would be settled, and where representatives of plaintiffs' class and defendant executed a settlement agreement before transferee judge). Given this preference, the Panel should transfer the cases at issue to the Western District of New York where the settlement has been reached.

Moreover, in light of the settlement, a transfer to the Western District of New York makes practical sense as well. It would be difficult to imagine a judge in a better position to evaluate the fairness and reasonableness of the settlement than Judge Larimer who has presided over the *Davis* case for nine years. Indeed, the Western District of New York is the

forum where discovery has been conducted and summary judgment motions filed and resolved, leading to the Second Circuit's decision concerning liability in this case (and which provided the basis for the copycat actions filed after *Davis*).[1]

The *Pickle* plaintiffs suggest that had they known a settlement had been reached before the hearing, they would have "tailored" their presentation.[2] However, they still advocate for transfer to the Southern District of New York even though the glaring shortcomings of a transfer to that district, as outlined in the briefs previously submitted by defendants, the *Davis* plaintiffs and the *Cole* plaintiffs, remain outstanding – including the lack of any nexus between the litigation and the Southern District of New York. The *Pickle* plaintiffs also boldly suggest that Judge Sullivan would be in a better position to evaluate a settlement. First, it is difficult to imagine that the forum with less exposure to the case would be in a better position to evaluate the settlement. To the contrary, as noted above, given Judge Larimer's extensive history with the case, he would be in the best position to review and evaluate the settlement reached. Second, to the extent that Judge Sullivan is also able to evaluate the settlement, that hardly means Judge Larimer is less able to evaluate the settlement – and given Judge Larimer's time with the case, he is the judge in a better position to evaluate the settlement overall.

---

[1] The *Pickle* plaintiffs continue to misrepresent the status of the *Davis* case as an individual case. As noted in the *Davis* plaintiffs' initial response, the *Davis* case was commenced as a class and collective action. The parties litigated the class and collective action allegations on a test plaintiff basis. Based on the Second Circuit's decision concerning liability, the *Davis* action will continue in its original class/collective action form.

[2] The *Pickle* plaintiffs also suggest that the settlement was "quick" in an attempt to intimate that the settlement was improper. Given that the *Davis* case has been pending for nine years and litigated to conclusion, ending when the Supreme Court denied defendants' petition for a writ of certiorari, that settlement discussions occurred throughout the history of the case, that the *Davis* court ordered the parties to attend mediation, and that the settlement was reached during the court-ordered mediation which lasted two days, the *Pickle* plaintiffs' suggestion of impropriety is simply nothing more than a creation of their imagination.

Thus, for the foregoing reasons and those set forth in the *Davis* plaintiffs' initial response, the *Davis* plaintiffs respectfully request that the actions be transferred to the Western District of New York.

Dated: August 4, 2010

> Respectfully submitted,
>
> **THOMAS & SOLOMON LLP**
>
> By: /s/ J. Nelson Thomas
> J. Nelson Thomas
>   *Attorneys for Davis Plaintiffs*
> 693 East Avenue
> Rochester, New York 14607
> Telephone: (585) 272-0540
> Facsimile: (585) 272-0574
> nthomas@theemploymentattorneys.com

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 05, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re: JP Morgan Chase & Co. Fair Labor Standards Act (FLSA) Litigation

MDL Docket No.: 2174

PROOF OF SERVICE

I hereby certify that a copy of the foregoing Davis Plaintiffs' Response to *Pickle* Plaintiffs' Post-Hearing Report was served by Email and First Class Mail on August 4, 2010 to the following:

Richard J. Burch
Bruckner Burch PLLC
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
rburch@brucknerburch.com
*Attorney for Plaintiff*: Elizabeth Anne Ebert (S.D. Tex. H-10-894)

Albert T. Van Huff
Monshaugen & Van Huff, P.C.
1225 North Loop West, Suite 640
Houston, Texas 77008
al@vanhuff.com
*Attorney for Plaintiff*: Elizabeth Anne Ebert (S.D. Tex. H-10-894)

Kelly M. Dermody
Rachel J. Geman

Jahan C. Sagafi
Jaron R. Shipp
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
kdermody@lchb.com
rgeman@lchb.com
jsagafi@lchb.com
jshipp@lchb.com
*Attorneys for Plaintiffs:* Gayla Pickle and Carolyn Hughes (S.D.N.Y. 10 civ 2791)

Adam T. Klein
Justin M. Swartz
Rachel M. Bein
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
atk@outtengolden.com
jms@outtengolden.com
rmb@outtengolden.com
*Attorneys for Plaintiffs:* Gayla Pickle and Carolyn Hughes (S.D.N.Y. 10 civ 2791)

Samuel S. Shaulson
Morgan Lewis, LLP
101 Park Avenue
New York, New York 10178
sshaulson@morganlewis.com
*Attorney for Defendants*: J.P. Morgan Chase & Co., J.P. Morgan Chase Bank, Chase Manhattan Mortgage Corp. (W.D.N.Y. 01cv6492L), J.P. Morgan Chase & Co. (S.D.N.Y. 10 civ. 2791), J.P. Morgan Chase & Co. (S.D. Tex. H-10-894)

                                            /s/J. Nelson Thomas
                                          **J. Nelson Thomas**

                                  **THOMAS & SOLOMON LLP**
                                    *Attorneys for Davis Plaintiffs*
                                  693 East Avenue
                                  Rochester, New York 14607
                                  Telephone: (585) 272-0540
                                  Facsimile: (585) 272-0574
                                  nthomas@theemploymentattorneys.com

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2174 - IN RE: JP Morgan Chase & Co. Fair Labor Standards Act (FLSA) Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
 * Signifies that an appearance was made on behalf of the party by the representing attorney.
 # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
 All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
 Docket: 2174 - JP Morgan Chase & Co. FLSA
 For Open Cases

Docket: 2174 - IN RE: JP Morgan Chase & Co. Fair Labor Standards Act (FLSA) Litigation
Status:   Pending on  / /
Transferee District:                Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Burch, Richard J.<br>1415 Louisiana<br>Suite 2125<br>Houston, TX 77002 | =>Phone: (713) 877-8788  Fax: (713) 877-8065  Email: rburch@brucknerburch.com<br>Ebert, Elizabeth Anne* |
| Dermody, Kelly M.<br>LIEFF CABRASER HEIMANN & BERNSTEIN LLP<br>275 Battery Street<br>29th Floor<br>San Francisco, CA 94111 | =>Phone: (415) 956-1000  Fax: (415) 956-1008  Email: kdermody@lchb.com<br>Pickle, Gayla* |
| Shaulson, Samuel S.<br>MORGAN LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178 | =>Phone: (212) 309-6718  Fax: (212) 309-6001  Email: sshaulson@morganlewis.com<br>Chase Manhattan Mortgage Corp.; J.P. Morgan Chase & Co.*; J.P. Morgan Chase Bank |
| Thomas, J. Nelson<br>THOMAS & SOLOMON LLP<br>693 East Avenue<br>Rochester, NY 14607 | =>Phone: (585) 272-0540  Fax: (585) 272-0574  Email: nthomas@theemploymentattorneys.com<br>Davis, Michael J.*; Lombardo, Elena*; McGraw, Daniel J.*; Smith, Carol*; Whalen, Andrew* |

Note: Please refer to the report title page for complete report scope and key.